FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 9 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**BRANDON SCROGGIN**                                                     **PLAINTIFF**

**V.**              **CASE NO. 4:16CV074-SWW**

**SEAS & ASSOCIATES, LLC**
**and KENDRA MADDEN, INDIVIDUALLY**                        **DEFENDANTS**

## COMPLAINT

Comes now the Plaintiff, Brandon Scroggin (hereinafter "Scroggin"), by and through his counsel, Leigh Law PLLC, and for his Complaint against Defendants Seas & Associates, LLC (hereinafter "S&A") and Kendra Madden, individually (hereinafter "Madden"), and respectfully states as follows:

### INTRODUCTION

Plaintiff brings this Complaint seeking statutory and actual damages, as well as attorney fees and costs, for violations of the *Fair Debt Collection Practices Act (hereafter "FDCPA") §15 U.S.C. 1692 et seq.*, and the *Arkansas Fair Debt Collection Practices Act (hereafter "AFDCPA") §17-24-101 et seq.*

### JURISDICITION AND VENUE

1. Jurisdiction is conferred on this Court pursuant to *15 U.S.C. §1692k(d); A.C.A. 2010 §17-24-512(d); and 28 U.S.C. §1331*.

2. As Plaintiff's state claim is related to Plaintiff's federal claim, and Plaintiff's state claim is inextricably entwined and arises out of a common nucleus of related facts, form part of the same controversy under Article III of the United States Constitution, is not complex or novel and is straightforward, this Court has supplemental jurisdiction to hear and adjudicate Plaintiff's state claim against the Defendant pursuant to *28 U.S.C. § 1367*.

This case assigned to District Judge __Wright__
and to Magistrate Judge __Deere__

3. Venue is proper as all alleged conduct took place while the Plaintiff was residing in North Little Rock, Arkansas.

## PARTIES

4. Scroggin is an individual, natural person, and a consumer, residing in North Little Rock, Arkansas; and was an "individual", "natural person" and a "consumer", at all times as alleged in this Complaint.[1]

5. S&A, located at 8329 Highway 107, Sherwood, Arkansas, 72120, is a "debt collector", in so far as "debt collector" is defined pursuant to *15 U.S.C. §1692a(6)* and *A.C.A. §17-24-502(5)(A)*,[2] who regularly engages in consumer-debt-collection activity.

6. Madden is a natural person, an employee of S&A, and at all times as alleged in this Complaint was acting as a debt collector, in so far as debt collector is defined by the FDCPA and AFDCPA.

## RELEVANT PRECEDENT AND STATUTORY STRUCTURE
## OF THE FDCPA AND THE AFDCPA

7. Scroggin incorporates by reference and re-alleges paragraphs (1) through (6).

8. Debt collectors are liable for failure to comply with 'any provision' of the Act [FDCPA] Richmond v. Higgins, 435 F.3d 825, 828 (8th Cir.2006) (quoting 15 U.S.C. §§ 1692(e), 1692k(a)) (internal citations omitted).[3]

---

[1] *15 U.S.C. § 1692(a)(3) & A.C.A. § 17-24-502(2)* defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.

[2] *15 U.S.C. §1692a(6) & A.C.A. § 17-24-502(5)(A)* defines a "debt collector" as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

[3] See also, Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004)("The FDCPA is a strict liability statute which covers both intentional and unintentional violations."))

9. Whether conduct violates the FDCPA is to be determined by analyzing the conduct from the perspective of the least sophisticated consumer. Freyermuth v. Credit Bureau Servs., Inc., 248 F.3d 767, 771 (8th Cir. 2001)(quoting, Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir. 2000).

10. A debt collector may not use unfair means to collect or attempt to collect any debt. *15 U.S.C. § 1692f & A.C.A. § 17-24-507(a)*.

11. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, the debt collector **shall not** [emphasis added] communicate further with the consumer with respect to such debt, except-

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to advise the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. *15 U.S.C. § 1692(c)*.

12. A debt collector's response to a "cease communication" [refusal to pay] notice from the consumer may not include a request for payment. Federal Trade Commission Staff Commentary on the FDCPA, April 20, 2014; see also, Lewis v. ACB Business Services Inc. 135 F.3d 389 (6th Cir. 1998).

13. The bona fide error defense is limited to clerical errors. Picht v. Jon R. Hawks, Ltd., 236 F.3d 446, 451 (8th Cir. 2001); see also, Jerman v. Carlisle, McNellie, Rini, Kramer & Ulnch LPA, Supreme Court of the United States, No. 08-1200, 130, 1605; 176 L.Ed. 2D 519; 2010 Lexis 3480 (April 21, 2010)(holding "[t]his case presents the question whether the "bona fide

error" defense applies to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. **'We conclude it does not.'**" [emphasis added].

14. Any debt collector who fails to comply with **any provision** [emphasis added] of the Act, with respect to any person, is liable to such person for actual damages. *15 U.S.C. § 1692k(a)(1) & A.C.A. § 17-24-512(a)(1).*

15. Any debt collector who fails to comply with any provision of the Act, with respect to any person, is liable to such person for statutory damages up to $1,000.00. *15 U.S.C. 1692k(a)(2) & A.C.A. § 17-24-512(a)(2)(A).*

16. An employee of a debt collector is jointly and severally liable for conduct that violates the FDCPA.[4]

17. In the case of a successful action to enforce the foregoing liability, a debt collector is liable for the costs of the action, together with a reasonable attorney's fee as determined by the court. *15 U.S.C. §1692k(a)(3) & A.C.A. § 17-24-512(a)(2)(A).*

## FACTS COMMON TO ALL COUNTS

18. Scroggin incorporates by reference and re-alleges paragraphs (1) through (17).

19. On or about July 19, 2015, S&A sent an initial communication, dunning letter, to Scroggin, alleging Scroggin owed a consumer debt[5] to 10 Fitness.[6]

---

[4] Krapf v. Prof'l Collection Servs., Inc., 525 Supp. 2d 3324 (E.D.N.Y. 2007)(Employees of the debt collector personally involved with the violative conduct are personally liable under the FDCPA)); Ohlson v. Cadle Co. 2006 WL 721505 (E.D.N.Y. Mar 21, 2006)(rejecting the defendant's contention that only collection agencies, and not individuals, are liable under the FDCPA, holding to the contrary "that officers and employees of the debt collecting agency may be jointly and severally liable with the agency where they have affirmatively acted".))

[5] *15 U.S.C. 1692a(5)* defines a "debt" as "[a]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

[6] 10 Fitness is a private gym/health club with several locations throughout Arkansas.

20. Under the FDCPA and AFDCPA, S&A's dunning letter was an initial communication to Scroggin.

21. S&A's communication requested payment of Scroggin.

22. On or about September 16, 2015, Scroggin sent a letter to S&A, in response to S&A's dunning letter.[7]

23. Among other things, Scroggin clearly communicated to S&A that he refused to pay the debt; in fact, Scroggin stated in his letter two different times he refused to pay the debt.

24. S&A received Scroggin's refusal to pay letter on September 18, 2015.

25. On or about October 1, 2015, S&A sent a response to Scroggin, which Scroggin received on or about October 6, 2015.

26. S&A's letter advised Scroggin they were enclosing a copy of Scroggin's membership agreement and that Scroggin should remit payment in the amount of $138.85

27. S&A's letter was signed:

> Kendra Madden
> Collections Manager
> clientservices@SeasAndAssoc.com
> phone (866) 277-2933

## COUNT ONE, VIOLATIONS OF THE FDCPA

28. Scroggin incorporates by reference and re-alleges paragraphs (1) through (27).

29. S&A and Madden violated the FDCPA, specifically, *15 U.S.C. § 1692(c)*. Scroggin informed S&A in writing, and which S&A received, that he refused to pay the alleged debt S&A owed to another party; however, irrespective of Scroggin's cease communications directive which was invoked by Scroggin's refusal to pay letter, S&A and Madden did not cease

---

[7] Scroggin sent his letter certified mail # 7014 1200 0001 2176 1283.

communications with Scroggin, and responded to Scroggin's refusal to pay letter with a demand for payment in the amount of $138.85.

30. S&A's response to Scroggin's refusal to pay letter was not one of the narrowly defined exceptions under the FDCPA, that would have made S&A's letter legal under the FDCPA.

31. Scroggin never communicated a clear waiver of his cease communication order.[8]

32. Scroggin's refusal to pay letter was not a demand for validation, and even if it were, a debt collector is not required to validate the debt; the debt collector simply must not continue collection efforts without first validating the debt.

33. However, even if Scroggin's letter was construed by S&A as a demand for validation, the validation demand would have been made well outside the 30-day time period that imposes an affirmative duty on a debt collector to validate the debt, if that debt collector wishes to continue to attempt to collect the debt.[9]

34. Assuming, *arguendo*, S&A construed Scroggin's refusal to pay letter as a demand for validation, and S&A chose to validate the debt when there was no legal requirement they validate the debt, S&A could have validated the debt and still complied with Scroggin's cease communications order.

> "A consumer's written demand to the collector that it verify the debt pursuant to § 1692g and otherwise cease all other communication effectively invoked the § 1692 c(c)'s cease communication remedy and did not improperly attempt to "have it both ways," and the collector's subsequent communications other than to provide

---

[8] "Other than as permitted by 1692c(c), a debt collector who has received a cease communications order from a debtor must not contact the debtor unless it has received a "clear" waiver of that order." See, Clark v. Capital Credit & Collection Services, 460 F.3d 1162 (2006); and Herbert v. Monterey Financial Services, Inc., 863 F.Supp. 76 (D. Conn. 1994).

[9] See, *15 U.S.C. § 1692g(b)*

verification, violated § *1692c(c)*."[10] See, Johnson v. Equifax Risk Mgmt. Servs., 2004 WL 540459 (S.D.N.Y. Mar 17, 2004).[11]

35. Regardless of S&A and Madden's intent, the FDCPA is a strict liability statute and a debt collector's misinterpretation of the legal requirements under the FDCPA is not eligible for the bona fide error defense.[12]

> Congress responded to "abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors," 15 U.S.C. § 1692(a), by enacting a comprehensive, detailed remedial scheme that imposes civil liability on debt collectors who engage in a range of prohibited conduct, without regard to their knowledge or intent. See Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996) ("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages").

## COUNT TWO, VIOLATIONS OF THE AFDCPA

36. Scroggin incorporates by reference and re-alleges paragraphs (1) through (35).

37. S&A and Madden's violation of the FDCPA is a per se violations of the AFDCPA, specifically, *A.C.A. §§ 17-24-504a(c)*.[13] reporting whatever information, a creditor furnished is not reasonable." See, Swoager v. Credit Bureau, 608 F. Supp. 972, 976 (D.C. Fla. 1985).

## PRAYER FOR RELIEF AND DAMAGES

38. Scroggin incorporates by reference and re-alleges paragraphs (1) through (37).

---

[10] Edwards v. Niagara Credit Solutions, Inc., No. 08-17006 (11th Cir. Oct. 14, 2009)( holding, a debt collector may not violate one section of the Act [FDCPA] in an attempt to comply with another part.))

[11] Scroggin made no demand that S&A validate/verify the debt.

[12] Jerman v. Carlisle, McNellie, Rini, Kramer & Ulnch LPA, Supreme Court of the United States, No. 08-1200, 130, 1605; 176 L.Ed. 2D 519; 2010 Lexis 3480 (April 21, 2010); see also, Owen v. I.C. System, Inc., 629 F.3d 1263 (11th Cir. 2011)("The FDCPA's bona fide error defense does not shield the debt collector from liability when it relies on information from the creditor in sending collection letters demanding payment."))

[13] The AFDCPA is a state statute that mirrors the FDCPA.

39. Scroggin prays for statutory damages against Defendant S&A, in the amount of $1,000.00 (One-Thousand Dollars and 00/100), for violating of the FDCPA.

40. Scroggin prays for statutory damages against Defendant Madden, in the amount of $1,000.00 (One-Thousand Dollars and 00/100), for violating the AFDCPA.

41. Scroggin prays for actual damages against Defendant S&A, in amount proven at trial, for violations of the FDCPA.

42. Scroggin prays for actual damages against Defendant Madden, in amount proven at trial, for violations of the ADCPA.

43. Scroggin prays for a reasonable attorney's fee and costs, against all Defendants, pursuant to the FDCPA and AFDCPA.

44. Scroggin pray for any other relief deemed just and proper by this Court.

### JURY TRIAL DEMAND

45. Scroggin incorporates by reference and re-alleges paragraphs (1) through (44).

46. Scroggin demands trial by jury.

Respectfully Submitted,

/s/ Victoria Leigh
Victoria Leigh
LEIGH LAW, PLLC
Attorney for Plaintiff
P.O. Box 21514
Little Rock, AR 72211
(501) 227-7627 Office
(501) 227-7628 Facsimile
v@leighlaw.com